UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **STACEY HATZIKOSTAS,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: |
| v. : | |
| : | |
| **CROTHALL HEALTHCARE, INC.** : | FEBRUARY 23, 2022 |
| : | |
| Defendant. : | |
| : | |

### NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Crothall Healthcare, Inc. ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331 (federal question), 1332 (diversity jurisdiction), 1441, and 1446 and removes this action from the State of Connecticut Superior Court, Judicial District of Waterbury at Waterbury, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1.  By Summons and Complaint, Plaintiff Stacey Hatzikostas ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Stacey Hatzikostas v. Crothall Healthcare, Inc.,* Docket No. UWY-CV22-6064170-S (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendant is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

2.  This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

3. This Court has deferral question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff is bringing a claim pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 et seq. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Summons and Complaint state that Plaintiff is a resident of Waterbury Connecticut, and is therefore, a citizen of the State of Connecticut.

5. The Summons and Complaint further state the Defendant is a foreign corporation with a business address of 1500 Liberty Ridge Drive, Suite 210, Wayne, PA, 19087.

6. This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

7. Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Waterbury at Waterbury.  28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

3.

        Respectfully submitted,

        */s/ Elizabeth McKenna*
        Elizabeth McKenna (ct28113)
        Lindsay M. Rinehart (ct30921)
        LITTLER MENDELSON, P.C.
        One Century Tower
        265 Church Street
        Suite 300
        New Haven, CT  06510
        Telephone: 203.974.8700
        Facsimile: 203.974.8799
        emckenna@littler.com
        lrinehart@littler.com

4.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of February, 2022, a copy of the foregoing was sent via email to all counsel and pro se parties of record as follows:

Megan L. Michaud
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mmichaud@cicchielloesq.com

                                             */s/ Elizabeth McKenna*
                                             Elizabeth McKenna

# **<u>EXHIBIT A</u>**

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 300 Grand Street, Waterbury, CT 0702 | ( 203 ) 591-3300 | February 22, 2022 |

| Judicial District ☒ / Housing Session ☐ | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): Waterbury | Case type code: Major: M  Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

Telephone number: ( 860 ) 296-3457

Signature of Plaintiff (If self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No

Email address for delivery of papers under Section 10-13: mmichaud@cicchielloesq.com

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party | |
|---|---|---|
| First Plaintiff | Name: Stacey Hatzikostas<br>Address: 22 Douglas Avenue, Waterbury, CT 06708 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Crothall Healthcare, Inc. 1500 Liberty Ridge Drive, Ste 210, Wayne, PA 19087<br>Address: Agent: Corporation Service Company, 100 Peal Street, 17th Floor, MC-CSCI, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court / ☐ Assistant Clerk | Name of Person Signing at Left: MEGAN L. MICHAUD | Date signed: 01/24/2022 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only - File Date:

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: FEBRUARY 22, 2022 : | SUPERIOR COURT |
| STACEY HATZIKOSTAS : | J.D. OF WATERBURY |
| VS. : | AT WATERBURY |
| CROTHALL HEALTHCARE, INC. : | JANUARY 24, 2022 |

## COMPLAINT

1. Plaintiff, Stacey Hatzikostas, was at all times set forth herein, and remains, a resident of the City of Waterbury in the State of Connecticut.

2. Defendant, Crothall Healthcare, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware with a business address of 1500 Liberty Ridge Drive, Suite 210, Wayne PA, 19087.

3. Prior to instituting this instant action, on or about September 4, 2020, the Plaintiff filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The Plaintiff received a Release of Jurisdiction from the CHRO on January 12, 2022. A copy of said Release of Jurisdiction is attached hereto as Exhibit A.

4. Plaintiff was hired by the Defendant as a patient flow coordinator on or about January of 2015.

5. Plaintiff was employed with the Defendant to work at its account within Waterbury Hospital in Waterbury, CT.

6. Throughout the duration of Plaintiff's employment with the Defendant Plaintiff received positive reviews and was not issued any disciplinary action.

7. In or around June of 2020, Plaintiff witnessed a co-worker of hers, Mark Reilly, make a racially inappropriate comments to another co-worker.

8. Reilly, a White male, commented to an African-American employee "why do you have a mask on, I thought you couldn't breathe. I don't want to pick you up off the cement later." Mr. Reilly then continued to state " I can't breathe, I can't breathe." The comment clearly related to the protests going on in this Country at that time related to the death of George Floyd.

9. Plaintiff heard Reilly's comment and made a complaint to the Director on or about June 1, 2020

10. In her discussions with the Director, Plaintiff also brought up her own concerns with Mr. Reilly and how Plaintiff herself felt harassed by him due to her being a woman.

11. When Mr. Reilly got upset or agitated in the workplace he would become irate, curse and almost punched a cabinet right above the Plaintiff.

12. Upon information and belief Mr. Reilly also was aggressive towards other women in the workplace.

13. Plaintiff submitted a written statement outlining concerns with Mr. Reilly's conduct to the Director and then verbally spoke to the Regional Operations Manager Kennedy Menseck and submitted a report.

14. In July and August of 2020, Plaintiff used intermittent FMLA related to her daughter's disability.

15. This intermittent FMLA was approved by the Defendant.

16. Plaintiff returned from FMLA on or about August 24, 2020.

17. Plaintiff never received any follow up in regards to her concerns of gender discrimination against Mr. Reilly.

18. On August 25, 2020, Plaintiff was notified that her employment was being terminated and her last day would be September 20, 2020.

19. Plaintiff subsequently applied for the same position with the Defendant when it was posted as available and was denied without an interview.

20. Any and all reasons given for Plaintiff's termination are pretext to mask unlawful retaliation.

**COUNT ONE:**    Retaliation in violation of Conn. Gen. Stat. 46a-60(a)(4)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 20 of above, as Paragraphs 1 through 20 of this First Count, as if fully set forth herein.

21. The Defendant, through its agents, servants, and/or employees, retaliated against the Plaintiff for engaging a protected employment activity.

22. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

23. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:**    Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 20 above as Paragraphs 1 through 20 of this Second Count as if fully set forth herein.

21. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff requested and utilized medical leave under the FMLA.

22. The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise and/or exercising her rights under the FMLA in that she was terminated because of her use of FMLA leave.

23. As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

24. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

THE PLAINTIFF,
STACEY HATZIKOSTAS

By: /s/ Megan L. Michaud
Megan L. Michaud, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Firm Juris #: 419987
Tel: (860) 296-3457
Fax: (860) 296-0676
mmichaud@cicchielloesq.com

**WHEREFORE,** the Claimant prays for the following relief:

1. Money damages;

2. Damages for emotional distress;

3. Compensatory damages;

4. Punitive damages;

5. Liquidated damages pursuant to FMLA;

6. Attorney's fees; and

6. Such other relief as the court deems just and appropriate.

                    THE PLAINTIFF,
                    STACEY HATZIKOSTAS

                    By: /s/ Megan L. Michaud
                    Megan L Michaud, Esq.
                    Cicchiello & Cicchiello, LLP
                    364 Franklin Avenue
                    Hartford, CT 06114
                    Firm Juris #: 419987
                    Tel: (860) 296-3457
                    Fax: (860) 296-0676
                    mmichaud@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: FEBRUARY 22, 2022 | : | SUPERIOR COURT |
| | : | |
| STACEY HATZIKOSTAS | : | J.D. OF WATERBURY |
| | : | |
| VS. | : | AT WATERBURY |
| | : | |
| CROTHALL HEALTHCARE, INC. | : | JANUARY 24, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF,
STACEY HATZIKOSTAS

By: _____
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Firm Juris #: 419987
Tel: (860) 296-3457
Fax: (860) 296-0676
mmichaud@cicchielloesq.com

**EXHIBIT A**

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Stacey Hatzikostas
**COMPLAINANT**

vs.

CHRO No. 2130124
EEOC No. 16A202001509

Crothall Healthcare
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:**   January 12, 2022

Tanya A. Hughes, Executive Director

Service:
Complainant: Stacey.hatzikostas@gmail.com
Complainant's attorney: angelo@cicchielloesq.com
Respondent: Crothall Healthcare
Respondent's attorney: emckenna@littler.com

# **EXHIBIT B**

| | |
|---|---|
| **DOCKET NO: UWY-CV22-6064170-S** | **SUPERIOR COURT** |
| **STACEY HATZIKOSTAS,** | **J.D. OF WATERBURY** |
| Plaintiff, | **AT WATERBURY** |
| v. | |
| **CROTHALL HEALTHCARE, INC.** | **FEBRUARY 23, 2022** |
| Defendant. | |

## NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Crothall Healthcare, Inc. today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

*/s/ Elizabeth McKenna*
Elizabeth McKenna (ct28113)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com
lrinehart@littler.com

2.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of February, 2022, a copy of the foregoing was sent via email to all counsel and pro se parties of record as follows:

Megan L. Michaud
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mmichaud@cicchielloesq.com

                                  */s/ Elizabeth McKenna*
                                  Elizabeth McKenna